East'n. District.
*January* 1826.

BOYD & AL.
*vs.*
HOWARD.

## BOYD & AL. vs. HOWARD.

**APPEAL** from the court of the first district.

A vendor who alleges a sale at a specific price, may give evidence of the value of the objects sold.

MARTIN, J., delivered the opinion of the court. This case being remanded to the district court in January, 1825.—*Vol.* 3, 286.

Williams, a witness of the defendant, deposed, Gale, in November, 1822, bought from the plaintiffs ninety-six barrels of flour, or thereabouts, at one dollar and a quarter per barrel, and after the delivery, a bill against the schooner Hope, and owners, was sent by the plaintiffs to the defendants' store, and sent back as unintelligible. It was delivered to the defendant to be forwarded to Petterson, (considered by the defendant as the owner of the sloop) that he might forward its amount to the plaintiffs, the defendant considering he undertook it through favor, he undertook to forward the plaintiffs' bill.— Some few days, after the return of the bill, one of the plaintiffs' returned to the city, and brought another bill against the schooner and owners, and demanded payment from the defendant. The witness believes both bills were for the same supply. Some harsh con-

versation ensued, and the plaintiff told the
defendant he looked to him only for pay- ment.

On his cross examination, the witness admitted he was at the time and is still a partner of the defendant ; that he knows of Gale's purchase from the plaintiffs by the bill they then rendered.   One of the plaintiffs told him the flour was sold by his firm to Gale, on account of the sloop ; that it was delivered to Gale and the bill sent to the defendants' store by a clerk of the plaintiffs, who did not demand payment therefor, and requested, it might be sent to Patterson, and the proceeds of the flour came to Howard & Williams' hands, at the rate of one dollar and a quarter in trade, and have been considered as the property of the sloop's owner, and accordingly credited to Patterson, who has since received them.   He gave no particular receipt, but this sum was merged in their general running account.

On this examination in chief being resumed, the witness said he was informed by Gale, the proceeds of the flour had been tendered to the plantiffs, who refused receiving them, as it was out of their line and the wit-

East'n. District,
*January* 1826.

BOYD & AL.
*vs.*
HOWARD.

ness could do better with them.   He denied having any interest in the suit.

Coquet, a witness of the plaintiffs, deposed, he was their clerk, and they delivered a quantity of flour to the defendant, about ninety-six barrels, thirty or forty barrels were delivered by himself and the rest by one of the plaintiffs. The flour was then worth three dollars and fifty cents per barrel.   They had no other flour to sell at the time.

He proved the signature of the plaintiffs to an account in which they charged the defendant with $312 for ninety-six barrels flour, at one dollar and twenty-five cents per barrel.

There was a verdict and judgment for that sum against the defendant, and judgment was given accordingly, after an unsuccessful effort to set aside the verdict as contrary to evidence, and he appealed.

His counsel urges in this court, that the evidence does not support the allegations in the petition, which state a sale at a fixed price.

This is nothing but a repetition of the objection overruled when the case was here last winter, when we decided that a vendor

who alleges a sale at a specific price, may, if he has no proof of the vendee's assent to the price, show it is a proper one by evidence of its being the current, although he has no count on a *quantum valebant*; besides in the present case, the defendant by the production of the plaintiffs' bill, shows that was the price they sold at.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Christy* for the plaintiffs, *Morse* for the defendant.